IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| PERRY SCHAFFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case no. 10-1021-JTM-KMH |
| | ) |
| | ) |
| SEQUOYAH TRADING & | ) |
| TRANSPORTATION, a foreign Oklahoma | ) |
| limited liability company, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the plaintiff, by and through counsel, Bradley A. Pistotnik of Affiliated Attorneys of Pistotnik Law Offices, P.A. and for his claims against defendant, alleges and states:

1. The plaintiff is a resident of the State of Arkansas.

2. Defendant Sequoyah Trading and Transportation, LLC (Sequoyah) is a foreign Oklahoma Limited Liability Company and may be served through its registered agent, Karen D. Boyd at 133 Lee St., Box 355, Turpin, Oklahoma 73950.

3. This court has jurisdiction over the persons involved and subject matter.

4. Venue is proper in the Wichita District of this Court.

5. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

6. Kevin B. Marsh (Marsh) was the driver of the truck for defendant Sequoyah at the time of the accident which is the subject matter of this suit. He was operating in the course and scope of employment for defendant at the time of the accident with



AA ffiliated ttorneys of
PISTOTNIK LAW OFFICES
A Professional Association
2831 EAST CENTRAL
WICHITA, KS 67214
(316) 689-8035

      plaintiff. For all allegations brought in this petition, the actions and omissions of Marsh are the actions and omissions of defendant Sequoyah under the Doctrine of Respondeat Superior.

7.   Sequoyah has applied for motor carrier authority through the United States Department of Transportation to operate as motor carrier under D.O.T. number 625491.

8.   The Kansas State Corporation Commission has adopted certain parts of the Federal Motor Carrier Safety Regulations (FMCSR) by reference. The parts adopted by reference are 40, 382, 285, 387, 390, 391, 391, 393, 395, 397, 398 and 399.

9.   The adopted regulations apply under Kansas laws and Administrative regulations to vehicles with a gross vehicle or gross combination weight rating of 10,001 or more pounds.

10.   The Sequoyah tractor-trailer in this case weighs in excess of 10,001 pounds.

11.   Under the FMCSR the Sequoyah vehicle in this case is a commercial motor vehicle.

12.   On or about the 30th day of April, 2008 the plaintiff was riding as a passenger in a vehicle owned by Venture Corporation and driven by James M. Mumford. The Mumford vehicle was traveling northeast on U.S. 50 highway in Chase County, Kansas, when the defendant's tractor-trailer, who was traveling too close to the Mumford vehicle, negligently and carelessly attempted to pass the Mumford vehicle rather than waiting for it to complete its turn and ran into the back and/or side of the

Mumford vehicle, thereby proximately causing an accident and injuries and damages to the plaintiff.

13. The tractor-trailer truck that is the subject matter of this litigation is maintained and repaired by defendant.

14. The truck operated by defendant Sequoyah and their driver Marsh was operating in interstate commerce making it subject to the Federal Motor Carrier Safety Regulations issued under 49 C.F.R. Sections 381 through 399 which are enforceable pursuant to the Motor Carrier Act, PL 96-296, 1980 S 2245 and PL 96-296, July 1, 1980, 94 Stat 793.

15. Alternatively, the truck was operating in intrastate commerce and is subject to the Federal Motor Carrier Safety Regulations adopted by the Kansas Corporation Commission, thus making the tractor-trailer subject to the Federal Motor Carrier Safety Regulations issued under 49 C.F.R. Sections 381 through 399. This is based upon K.S.A. 66-1,129 and K.A.R. 82-4-3.

16. The truck involved in this collision was dispatched, supervised, monitored, operated, and controlled by the department operations, and the fleet management of defendant Sequoyah.

17. That Marsh was hired, qualified, supervised, and trained by defendant Sequoyah.

18. That defendant is operating as a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR).

19. That at all times material hereto defendant and its driver were operating under

authority through the Department of Transportation (DOT) under its license through D.O.T. number 625491.

20. That 49 C.F.R. § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

21. That 49 C.F.R. § 390.4 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

22. That defendant was at all material times a "motor carrier" and an "employer" of its driver Marsh in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §382.107.

23. That 49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an action or omission of that carrier. . . in violation of this part. Defendant Sequoyah is the motor carrier in regard to the present accident.

24. That 49 U.S.C. § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment and facilities." Defendant negligently and wantonly failed to provide safe and adequate service which proximately caused the injury and damages to plaintiff.

25. The FMSCRs are located at 49 C.F.R. § 390 *et seq.* The FMCSRs and the MCA

provide the plaintiff with a private cause of action. Alternatively, they set forth the applicable minimum standard of care including the minimum qualifications for drivers and the minimum duties for drivers. 49 C.F.R. § 391.1(a). The violation of the MCA and FMCSRs as set forth in this petition is negligence per se and alternatively for all allegations set forth in this petition the violation of the MCA and the FMSCRs is a violation of the applicable minimum standard of care.

26. The actions and omissions of defendant and their driver Marsh (under Respondeat Superior and Vicarious Liability) are negligent, and wanton and include, but are not limited to:

 A. Operation of a commercial motor vehicle in a fatigued state.

 B. Operation of a commercial motor vehicle in a reckless or careless manner.

 C. Operation of a commercial motor vehicle at a speed greatly in excess of the posted speed limit for the intersection where the accident occurred.

 D. Inattentive operation of a commercial motor vehicle.

 E. Failure to keep a proper lookout.

 F. Failure to exercise ordinary care.

 G. Negligence and negligence per se for violation of 49 CFR Sections 381 through 399.

 H. By operating a commercial motor vehicle upon the public streets and highways in a negligent and wanton disregard for the safety of plaintiffs.

I.     For driving at an unreasonable speed for the conditions existing.

J.     For following too closely;

K.     For failing to reduce the speed of the tractor-trailer and slow down at a time when the driver knew or reasonably should have known that the Mumford vehicle was slowing and making a turn;

L.     Failing to brake or take evasive action;

M.     For passing on a highway in a construction zone;

N.     Negligence and negligence per se for violation of 49 C.F.R. § 392.14 by failing to use extreme caution in the operation of a commercial motor vehicle when hazardous conditions exist and/or by failing to discontinue the operation of the motor vehicle until the vehicle could be operated safely.

O.     Negligence and negligence per se for violation of 49 C.F.R. § 392.3 by operation of a commercial motor vehicle while the driver's ability or alertness is impaired.

P.     Negligence and negligence per se for violation of 49 C.F.R. § 395.3 by driving more than the maximum hours allowed by this regulation.

Q.     Negligence and negligence per se for violation of 49 C.F.R. § 395.8 by failing to record his logs timely, truthfully, and in conformance with this regulation.

R.     Negligence and negligence per se for violation of 49 C.F.R. § 391.11(a)

by operation of a commercial motor vehicle when the driver is not properly qualified pursuant to this regulation.

S.  Negligence and negligence per se for violation of 49 C.F.R. § 383.113 by operating a commercial motor vehicle when the driver does not possess and demonstrate the safe driving skills required by this regulation.

T.  Negligence and negligence per se for violation of 49 C.F.R. § 383.111 by operating a commercial motor vehicle when the driver did not have knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, basic knowledge of basic control maneuvers, and basic information on hazard perception and when and how to make emergency maneuvers.

U.  Negligence and negligence per se for violation of 49 C.F.R. § 383.110 by operation of a commercial motor vehicle without the knowledge and skills necessary to operate the same safely.

V.  Negligence and negligence per se for violation of 49 C.F.R. § 390.11 by failing to observe and follow the FMCSR.

W.  Negligent hiring, retention, qualification, supervision, and training of Marsh by Sequoyah.

X.  Failure to train the driver in the proper hazard communication signals, hazard perception, and other safe operating protocols.

Y.  Failing to have adequate safety management protocols in place.

Z.  Failing to properly create and implement a proper safety program that would require Marsh to be adequately tested in written form to determine that he has appropriate defensive driving skills;

AA. Failure to test the driver of their commercial motor vehicle for alcohol and drug consumption after this accident.

BB. Negligence and negligence per se for violation of 49 CFR § 395 by failing to adequately document the driver's record of duty.

CC. Negligence and negligence per se for violation of 49 CFR Section 395.3 by requiring its driver to work in excess of the maximum hours and days allowed by Federal laws and regulations.

DD. Negligence and negligence per se for violation of 49 C.F.R. § 392.3 by requiring its driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

EE. Negligence and negligence per se for violation of 49 CFR § 383.113 by failing to have adequate safety management controls in place to that would require that Conaway had the required skills required under this regulation.

FF. Negligence and negligence per se for violation of 49 CFR § 391.11 and 391.23 by failing to properly qualify the driver, failing to obtain the federally required information on the application for employment of their driver.

GG. Negligence and negligence per se for violation of 49 CFR § 391.31 by failing to properly road test their driver.

HH. Negligence and negligence per se for violation of 49 C.F.R. § 391.23 by failing to properly and completely conduct the three year inquiry into the driver's background and employment which is required by this regulation.

II. Negligence and negligence per se for violation of 49 CFR § 395.8 by failing to properly document the hours of service and record of duty of their driver.

JJ. Other actions and omissions that will be supplemented after discovery is complete.

27. As a further direct and proximate result of the negligent and wanton acts and omissions of the defendant and its driver, plaintiff has received injuries to his body, neck, spine, has underwent cervical surgery, had a fracture to C6, has parasethesias, has nerve injury and radiculopathy, may have had aggravation to a pre-existing condition, and was otherwise injured. The plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future he will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

28. The plaintiff additionally brings a claim for the loss of consortium suffered by his spouse.

29. The plaintiff further seeks mandatory attorney fees against defendant American Sterling pursuant to K.S.A. 40-908 which provides, "That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs. . ."

WHEREFORE, the Plaintiff prays for judgment against defendant in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, for attorney fees pursuant K.S.A. 40-256 and K.S.A. 40-908, for interest allowed by law, and for such other and further relief as the Court deems just and equitable.

AFFILIATED ATTORNEYS OF PISTOTNIK
LAW OFFICES, P.A.

/s/Bradley A. Pistotnik
Bradley A. Pistotnik #10626
2831 E. Central
Wichita, KS 67214
316-689-8035
Fax: 316-683-4692
bradpistotnik@pistotniklaw.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the plaintiff and demands a pretrial conference and a trial by jury in this matter.

/s/Bradley A. Pistotnik
Bradley A. Pistotnik #10626

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Wichita, Kansas as the place for trial in this matter.

/s/Bradley A. Pistotnik
Bradley A. Pistotnik #10626