# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PERRY SCHAEFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-1021-JTM |
| ) | |
| SEQUOYAH TRADING & ) | |
| TRANSPORTATION and ) | |
| KEVIN B. MARSH, ) | |
| ) | |
| Defendants, ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a protective order concerning defendants' request for a psychological exam pursuant to Fed. R. Civ. P. 35. (Doc. 37).[1] Defendants oppose the motion and request an order directing plaintiff to appear for a "psychological/vocational" examination.[2] For the reasons set forth below, the motion for a

---

[1] The parties agree that plaintiff will be examined by a physician concerning his physical injuries.

[2] Ordinarily the party requesting the Rule 35 examination files a motion requesting an examination and describes the nature and purpose of the examination. In this instance the parties conferred in a professional manner and plaintiff brought the issue to the court's attention through a motion for a protective order. Defendants' response brief clarifies that they seek a "psychological/vocational" examination in order to evaluate plaintiff's damage claim for future lost wages.

protective order shall be granted in part and denied in part. Plaintiff shall appear for a "psychological/vocational" examination subject to the conditions described in greater detail below.

## Background

This is a personal injury case. Highly summarized, plaintiff alleges that he was a passenger in a pickup truck that was struck from behind by a Sequoyah commercial truck driven by Kevin Marsh.[3] Plaintiff contends that the accident caused severe injury to his spine and seeks damages for "pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability." (Amended Complaint, Doc. 9, p. 9).

## Rule 35 Examination

Fed. R. Civ. P. 35(a)(1) grants the court discretionary authority to order a party to submit to a physical or mental examination if the party's mental or physical condition is in controversy. The "order" may only be issued "on motion for good cause" and after notice to all parties and the person to be examined. Rule 35(a)(2)(A). Additionally, the "order" must specify the time, place, manner, conditions, and scope of the examination, as well as

---

[3] Plaintiff was working in a highway construction zone at the time of the accident and normally performed simple tasks such as "flagging" for the road construction crew. Other than working for relatives, this was plaintiff's first and only job.

the person who will perform the exam. Rule 35(a)(2)(B). As noted above, plaintiff moves for a protective order and defendants seek an order requiring plaintiff to submit to a psychological/vocational examination by Dr. Patrick Caffrey, Ph.D.

Plaintiff opposes the examination, arguing that his mental health is not in issue and that defendants have not shown "good cause" for conducting a psychological/vocational examination. The court does not agree. Plaintiff has an extensive history of pre-accident mental illness and spent a considerable portion of his life in mental health facilities.[4] His mental health/vocational abilities are in controversy because he seeks significant damages for future lost wages based on expert witness opinions. For example, one of plaintiff's experts opines that he has a "low average IQ" and is not a candidate for re-education and training. Doc. 52, p. 2. Defendant is entitled to examine plaintiff's psychological/vocational skills to counter plaintiff's expert witnesses and, under the circumstances, the Rule 35 "good cause" requirement is satisfied.

Plaintiff requests, in the alternative, that various conditions be imposed in connection with the Rule 35 examination. First, plaintiff requests that the testing be "limited to a reasonable period of time." Unfortunately, plaintiff provides little guidance concerning the amount of time that would be "reasonable." Defendants counter that plaintiff may attempt

---

[4] Plaintiff apparently spent more than eight years in a psychiatric hospital following a not-guilty by reason of insanity defense to charges of burglary and arson. Defendants assert that plaintiff had been diagnosed before the accident with various mental health disorders that include paranoia, schizophrenia, and bipolar disorder. Plaintiff concedes that he was accidentally shot in the head at age three and spent much of his life in the Larned State Mental Hospital due to psychological illnesses.

to manipulate the tests by stalling if an arbitrary time limit is established. Defendants also suggest that two shorter days of testing with adequate time for plaintiff to rest is preferable to one extremely long day of testing. Given the limited information available to the court concerning the specific tests contemplated, the psychological/vocational examination shall be limited to two days.[5]

Plaintiff also requests that the questions be read to him. Although portions of plaintiff's deposition testimony suggest that plaintiff's ability to read is extremely limited, the court will leave the manner of presenting test questions to the doctor conducting the examination. Plaintiff's related request that a third party be present to observe whether the test questions are presented in a vocabulary understandable to plaintiff is rejected. The "fairness" of the testing procedure can be evaluated by the video recording of the examination, discussed in greater detail below.

Plaintiff's fourth request is that the examination be videotaped, a condition the defendants oppose. This court recently addressed the issue of videotaping a Rule 35 psychological examination in <u>Maldonado v. Union Pacific Railroad</u> (Case No. 09-1187-EFM, <u>Memorandum and Order</u>, Doc. 74 and 88) and granted plaintiff's request to record the examination. The court is similarly persuaded in this case that the Rule 35 examination

---

[5] The two day period may be extended, depending on what develops during the examination. It appears that questions may need to be read to plaintiff and it is unclear whether this will greatly extend the examination. Furthermore, the time may be extended if the court determines that plaintiff attempted to undermine the tests by stalling. The examination shall be videotaped for the court's use in evaluating whether plaintiff "manipulated" the tests.

-4-

should be recorded.[6] First ***defendants*** have argued that plaintiff may try to manipulate the examination by stalling his responses. A video recording will provide the court with the best evidence of whether plaintiff engaged in misconduct during the examination. More importantly, counsel for both sides agree that plaintiff has a lengthy history of serious mental issues that kept him institutionalized for a significant portion of his life. Deposition transcripts provided to the court reveal that plaintiff, at times, has difficulty remembering everyday events and interactions with medical providers.[7] Moreover, the transcripts raise serious doubt as to whether plaintiff will be capable of providing any assistance to his attorney in understanding what took place during the examination. Finally, plaintiff's IQ is "low average" and his reading and vocabulary skills are limited. Video taping the examination will provide the best evidence of whether defendants' retained expert conducted a fair examination and will also show whether plaintiff engaged in any delay or misconduct. Accordingly, the examination shall be recorded.

Finally, plaintiff requests that defendants pay the cost of lodging and travel if plaintiff is required to travel to Kansas City for the examination. The court's understanding from a

---

[6] Defendants cite the same cases in support of their objection to videotaping the examination that were rejected in Maldonado. The court will not repeat its earlier analysis of those authorities but simply notes that the proposed examination would not be conducted by an independent medical expert (IME) having no interest in the case. The individual who would conduct the examination in this case (Dr. Caffery) is a retained expert witness for the defense. Coincidentally, Dr. Caffery was the same retained expert witness for the defendant in Maldonado.

[7] At best, the transcripts indicate that at times plaintiff understands questions and answers appropriately while at other times he struggles to provide answers.

recent conference call is that defendants agree to pay reasonable costs of travel and lodging to Kansas City and this condition is no longer an issue.

An order granting a motion for a Rule 35 examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Rule 35(a)(2)(B). Because of the conditions imposed by the court, designation of the expert who will conduct the examination and the date for the examination have not been finalized.[8] The parties shall confer concerning the deadlines for completing the examination discussed herein and submit a brief report to the court concerning the necessary arrangements for the examination.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order **(Doc. 37)** is GRANTED IN PART and DENIED IN PART and defendants' request for a Rule 35 examination is GRANTED with the conditions described herein.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a report concerning the Rule 35 examination on or before **March 28, 2011.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been

---

[8] Defendants retained Dr. Caffery to conduct the examination and, as mentioned above, Dr. Caffery is the same retained defense expert discussed in Maldonado. Dr. Caffery announced that he will not conduct the examination if it is recorded and thus the court will grant defendant an extension of time to retain a new expert witness.

obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of March 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge